1  Your name: __John Doe__
2  Address: __10 Park Avenue, Apartment 5, Mill Valley,__
3  __CA__
4  Phone Number: __415-384-1004__
5  Fax Number: ____
6  E-mail Address: __Johndoeroemoe@gmail.com__
7  Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

*San Francisco/Oakland Division*

CV23   2403   DMR

| | |
|---|---|
| John Doe (minor), and Jane Doe, John Doe's mother, who brings this case on their behalf,<br><br>Plaintiff(s),<br><br>vs.<br><br>Selective Serivice System,<br>United States,<br><br><br><br><br>Defendant(s). | Case Number: _____<br><br>*Title of Document:*<br><br>**Application for Leave to Proceed Anonymously** |

**ISSUES TO BE DECIDED**

1. The Plaintiff, who is a minor at the time of filing, respectfully requests the court to permit their mother, Jane Doe, to be appointed as a guardian ad litem, to bring this complaint on their behalf.

---

TITLE OF DOCUMENT: Application for Leave to Proceed Anonymously
CASE NO.: _____
PAGE NO. __1__ OF __5__   [JDC TEMPLATE]

2. The Plaintiff also respectfully requests the court's permission to file their complaint, and proceed in their case, under the pseudonym "John Doe," and for their guardian to proceed under the pseudonym "Jane Doe."

**Arguments in Support of Issue 1**

The Plaintiff, John Doe, is seeking relief to excuse them from obligations to register with the Selective Service System under the Military Selective Service Act. The requirement takes effect on the Plaintiff's 18th birthday, so in order to avoid any accusation of having filed too late for relief to be granted, the Plaintiff would like to file before that date. However, since Plaintiff will still be a minor at that time, they cannot bring a complaint on their own, so the Plaintiff is asking the court to appoint their mother, Jane Doe, as a temporary guardian ad litem so that the Plaintiff can preserve the timeliness of their claim.

**Arguments in Support of Issue 2**

While Rule 10(a) generally requires that the complaint "name all parties," various district and circuit courts have previously allowed filing under a fictious name in cases where there is "a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).

There is "no hard and fast rule for courts to follow when deciding whether to allow a party to proceed under a fictitious name." *Doe v. Stegall*, 653 F.2d at 185 (5th Cir. 1981). Rather, the Court must decide whether the considerations calling for the maintenance of a party's privacy outweigh the presumption of openness in judicial proceedings. Id. at 186; see also *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997). The Court considers the following factors when determining whether to permit proceeding under a fictitious name: (1) whether the party seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the party to disclose information of the utmost intimacy; and (3) whether the party is compelled to admit her or his intention to engage in illegal conduct, thereby risking criminal prosecution. *Doe v. Stegall*, 653 F.2d at 185 (5th Cir. 1981). The Plaintiff

satisfies all three factors.

   The Plaintiff is suing to challenge the legitimacy of governmental activity, namely registration under the Selective Service System. Courts have long recognized that litigants may face threats of harassment and retaliation for speaking out against high-profile government action, and that this risk tips in favor of allowing parties to proceed anonymously. *Southern Methodist Univ Ass'n v. Wynne & Jaffe*, 599 F.2d at 713 (5th Cir. 1979); *Doe v. Sante Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 651 (S.D. Tex. 1996). In this case, that risk is especially pronounced, as the Selective Service System in particular has a well-known history of using selective prosecution as a means to make political examples of those who would publicly oppose their policies.

   Moreover, the Plaintiff's claims are fundamentally predicated on being harmed by the requirement of them to register with Selective Service. Were the Plaintiff to register, they would be in danger of losing their standing to bring the case, not to mention they would also be suffering the exact same harm they, by this lawsuit, seek to avoid. As such, maintaining the viability of their claims requires the Plaintiff to avoid registration so long as any proceedings or appeals are ongoing, but in the likely event that this takes multiple months or even multiple years to resolve, this means the Plaintiff would be forced to not register past the allotted deadline, while also having to publicly admit their awareness of the registration requirement. Therefore, if forced to bring this complaint under their own name, the Plaintiff would need to potentially incriminate themselves, and would be put at risk of severe criminal prosecution.

   Also, there is no requirement that any potential registrant must register themselves; anyone who knows the necessary identifying information can register in a person's stead. If the Plaintiff's name became known to Defendants, Defendants could easily obtain all the information required to register them and could seek to preemptively invalidate the Plaintiff's claims by simply registering them behind their back.

   In these regards, protecting the name of the Plaintiff's mother is equally important, as it would be trivially easy for Defendants or the public to learn the Plaintiff's true name if the Plaintiff's mother's name became known.

1       As to point (2), prosecution of this suit does require the Plaintiff to reveal information of the utmost intimacy. Bringing the Plaintiff's first and second claims requires them to disclose confidential medical information, particularly histories of suicide, self-harm, mental illness, and psychiatric hospitalization, all of which are heavily stigmatized in our society. Were the Plaintiff forced to file under their real name, all of this information would be permanently rendered publicly available, in connection to their real identity.

      Finally, other parties will suffer no prejudice if the Court permits the Plaintiff to proceed anonymously. The identity of the Plaintiff is of minimal importance here, as the circumstances giving rise to most of the Plaintiff's claims apply to broad swaths of the population and could have been brought by any number of other people. This case turns on legal questions, not on the identities or credibility of any particular individual. Thus, the public's interest in open judicial proceedings will not be affected if the Plaintiff is permitted to proceed anonymously. *Doe v. Barrow County, Georgia*, 219 F.R.D. 189, 194 (N.D. Ga. 2003). Unlike anonymous lawsuits against private parties, anonymous lawsuits "challenging the constitutional, statutory, or regulatory validity of government activity . . . involve no injury to the Government's reputation." *Southern Methodist Univ Ass'n v. Wynne & Jaffe*, 599 F.2d at 713 (5th Cir. 1979). None of the parties face any prejudice here if the Plaintiff is allowed to proceed under a pseudonym.

      In conclusion, since the Plaintiff is suing to challenge government action, since suing requires the disclosure of intimate and deeply stigmatizing information, since suing exposes the Plaintiff to criminal prosecution, and since being named could cause the very harm this lawsuit seeks to avoid, the Plaintiff should be allowed to remain anonymous, and to protect the Plaintiff's identity, they and their mother should be allowed to proceed under fictitious names.

TITLE OF DOCUMENT: Application for Leave to Proceed Anonymously
CASE NO.: _____
PAGE NO. _4_ OF _5_   [JDC TEMPLATE]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17   Date:  05/15/23                          Sign Name:  *JOHN DOE*
18                                           Print Name:  John Doe
19
20   Date:  05/15/23                          Sign Name:  *JANE DOE*
21                                           Print Name:  Jane Doe
22
23
24
25
26
27
28

TITLE OF DOCUMENT: Application for Leave to Proceed Anonymously
CASE NO.: _____
PAGE NO.  5  OF  5    [JDC TEMPLATE]