UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM, UNITED STATES,<br><br>    Defendant. | Case No. 23-cv-02403-JST<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT**<br><br>Re: ECF No. 40 |

Before the Court is Plaintiffs' motion to alter the Court's November 20, 2024 Order, ECF No. 38. ECF No. 40. For the reasons set forth below, the Court will deny the motion.

## I.    BACKGROUND

Under the Military Selective Service Act ("MSSA"), 50 U.S.C. § 3801, all male citizens and residents of the United States between the ages of 18 and 26 are required to register with the Selective Service System. 50 U.S.C. §§ 3802(a), 3809. Males who do not register or otherwise comply with MSSA requirements may be subject to penalties or denied federal benefits. 50 U.S.C. §§ 3811(a), (f). The Act does not require women to register. 50 U.S.C. § 3802(a).

Pro Se Plaintiff Jane Doe brings this action on behalf of her minor son, John Doe. ECF No. 1 at 1. John Doe "was assigned male at birth and is being forced to register" under the MSSA. *Id.* ¶ 18. John Doe alleges that he has been diagnosed with obsessive-compulsive disorder ("OCD"), and has a medical history of anxiety, psychosis, suicidality, and self-harm that disqualify him from military service. *Id.* ¶¶ 13–15. He alleges that the MSSA's requirement that male citizens and residents of the United States between the ages of 18 and 26 register with the Selective Service System, including disabled males, violates the Fifth Amendment of the Constitution. *Id.* ¶¶ 19, 25, 29. Plaintiffs seek injunctive and declaratory relief excusing John

1   Doe, males with OCD, and all males from registering with the Selective Service. *Id.* at 11–12.

2   The Court granted Defendant Selective Service System's ("Selective Service") motion to dismiss Plaintiffs' Fifth Amendment Claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 28, 38.  Plaintiffs now move to alter judgment.  ECF No. 40.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Under Rule 59(e), a party may move a court to alter or amend a judgment within twenty-eight days after entry of the judgment.  Fed. R. Civ. P. 59(e).  "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

A Rule 59(e) motion "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

## IV.   DISCUSSION

Plaintiffs argue that the Court should alter its judgment because the Court mistakenly relied on *Rostker v. Goldberg*, 453 U.S. 57 (1981), when dismissing Plaintiffs' sex-based equal protection challenge.  *See* ECF No. 40.  To support this argument, Plaintiffs point to new factual developments regarding the end of combat restrictions for women and various Congressional reports reviewing the sex-based exemption.  *See id.* at 2–3, 5.

Plaintiffs merely restate their arguments from the motion to dismiss briefing.  In their opposition to the prior motion to dismiss, Plaintiffs made nearly identical arguments to those they

raise now.  There, Plaintiffs argued that the Court should decline to follow *Rostker* because of "factual differences between the current case and the earlier one."  ECF No. 31 at 10 (quoting *Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001)).  Plaintiffs specifically relied on *Rostker*'s legislative history and the subsequent Congressional efforts beginning in 2016 to review the sex-based exemption.  *Id.* at 18–20.

As the Court previously found, *Rostker*'s effect is binding despite the factual developments raised by Plaintiffs.  ECF No. 38 at 7–8.  The Court cited the denial of certiorari in a similar case where the Supreme Court declined to revisit *Rostker* and noted that even though "[t]he role of women in the military has changed dramatically since [*Rostker*], the Court's longstanding deference to Congress on matters of national defense and military affairs cautions against granting review while Congress actively weighs the issue."  *See* ECF No. 38 at 8 (quoting *Nat'l Coal. for Men v. Selective Serv. Sys.*, 141 S. Ct. 1815, 1816 (2021) (Sotomayor, J., respecting the denial of certiorari)).

Because the Court has already considered—and rejected—Plaintiffs' arguments in its order dismissing the case, the Court need not revisit Plaintiffs' rehashed arguments.  *See Townsend v. Nat'l Arbitration Forum, Inc.*, No. 09-cv-09325-MWF(RNBX), 2012 WL 12882711, at *1 (C.D. Cal. July 17, 2012) (rejecting Rule 59(e) motion where the moving party "appears to rehash arguments that could have been raised previously in opposition to Defendants' various motions to dismiss"), *aff'd*, 584 F. App'x 664 (9th Cir. 2014).  As this Court has previously explained, "Rule 59 is not a vehicle for . . . taking a second bite at the apple."  *Niantic, Inc. v. Global++*, No. 19-cv-03425-JST, 2020 WL 12175723, at *3 (N.D. Cal. Jan. 29, 2020) (quoting *Baldonado v. United States*, No. 2:06-cv-07266-JHN-RZ, 2011 WL 13213543, at *2 (C.D. Cal. Oct. 12, 2011)).

## CONCLUSION

For the reasons above, Plaintiffs' motion to alter judgment is denied.

**IT IS SO ORDERED.**

Dated:  June 25, 2025



JON S. TIGAR
United States District Judge

3